901 F.2d 1131
 54 Fair Empl.Prac.Cas. 1560, 284 U.S.App.D.C. 79
 Unpublished Disposition
NOTICE: D.C. Circuit Local Rule 11(c) states that unpublished orders, judgments, and explanatory memoranda may not be cited as precedents, but counsel may refer to unpublished dispositions when the binding or preclusive effect of the disposition, rather than its quality as precedent, is relevant.
Sharon S. WILLIAMS, Appellant,
v.
NATIONAL RAILROAD PASSENGER CORPORATION.
 No. 89-7199.
 United States Court of Appeals, District of Columbia Circuit.
 April 25, 1990.
 
 Before SILBERMAN, STEPHEN H. WILLIAMS and CLARENCE THOMAS, Circuit Judges.
 
 JUDGMENT
 PER CURIAM
 
 1
 This case occasions no need for a published opinion. See D.C.Cir.Rule 14(c). We affirm the district court's grant of summary judgment in favor of National Railroad Passenger Corporation for the reasons stated in the attached memorandum.
 
 
 2
 ORDERED and ADJUDGED that the decision of the district court is affirmed.
 
 
 3
 The Clerk is directed to withhold issuance of the mandate herein until seven days after disposition of any timely peittion for rehearing. See D.C.Cir.Rule 15.
 
 MEMORANDUM
 
 4
 We affirm the district court's grant of summary judgment in favor of NRPC. Appellant acknowledges that the claims in her original complaint do not survive Patterson v. McLean Credit Union, 109 S.Ct. 2363 (1989). Brief for Appellant at 2. At oral argument, counsel for appellant abandoned the retaliation claim which formed the basis of her amended complaint. We therefore need not address that issue. Finally, even assuming the February 1988 change in duties is properly before us (appellant appears to have raised the claim for the first time in response to defendant's supplementary motion for summary judgment following Patterson ), such an allegation plainly falls short of what is required under Patterson. Whatever the outer contours of the "new and distinct relation" test announced in Patterson, the refusal to increase an employee's pay when that employee is assigned additional duties which do not alter the basic relationship between the employer and employee (not even altering the non-supervisory character of her job) clearly falls outside Sec. 1981. See Patterson, 109 S.Ct. at 2377 (citing Hishon v. King & Spalding, 467 U.S. 69 (1984)).